# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JOSHUA ALLIE SCOTT, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-106 (CAR) |
| VS. | : | |
| LARRY SAYRE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

On March 18, 2010, the court issued an order providing instructions to the parties in the above-styled action. Doc. 6. In that order, the court advised the plaintiff that he must diligently prosecute his action or face the possibility that it would be dismissed pursuant to Rule 41(b) of the <u>Federal Rules of Civil Procedure</u>. The order also directed the parties to keep the clerk and all opposing parties advised of their current address at all times, warning that failure to give prompt notice of any address change might result in dismissal of a party's pleadings.

Plaintiff has failed to keep the clerk and the defendants apprised of his current address. On August 5, 2010, the court received a letter from the plaintiff wherein he requested the status of this action and a blank 42 U.S.C. §1983 complaint form. Doc. 21. Plaintiff's letter was sent from his address of record, at the Pulaski County Detention Center. The court responded to plaintiff's letter by mailing a current docket sheet and §1983 form to the plaintiff. On August 11, 2010, these documents were returned as undeliverable with the envelope marked "NO LONGER AT THIS ADDRESS AND LEFT NO FORWARDING ADDRESS." Doc. 22. On October 28, 2010, the court mailed both parties a 28 U.S.C. §636(c)(1) Election Form. Doc. 23. On November 8, 2010, the plaintiff's form was returned as undeliverable with its envelope marked "NO LONGER AT THIS ADDRESS AND LEFT NO FORWARDING ADDRESS." Doc. 24.

Diligent prosecution of a case includes keeping the court advised of a current valid mailing address. The plaintiff has failed to do so in this case. The court has been unable to contact plaintiff for nearly four months. As a result, it appears that plaintiff has abandoned his claims. Accordingly, **IT IS RECOMMENDED** that the instant action be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the plaintiff at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 30th day of November, 2010.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge